Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 817 | **DATE** | 12/5/2001 |
| **CASE TITLE** | Jodi McKinney vs. Datakom, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Datakom's Rule 56 motion is denied. (11-1) This action is set for a status hearing on December 14, 2001 at 8:45 a.m. to discuss the necessary steps and timetable to ready the case for trial.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | DEC 0 6 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 12/5/2001 | |
| | | | date mailed notice | |
| SN | courtroom deputy's initials | DEC -5 PM 4:32 | SN | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JODI D. McKINNEY, )
)
            Plaintiff, )
)
v. ) No. 01 C 817
)
DATAKOM, INC., )
)
           Defendant. )

## MEMORANDUM OPINION AND ORDER

DataKom Publishing Corp. ("DataKom") has filed a Fed. R. Civ. P. ("Rule") 56 summary judgment in this Title VII action brought against it by its ex-employee Jodi McKinney ("McKinney"), in which McKinney charges DataKom with sexual harassment and then with retaliation for her opposition to that course of conduct. Two of the three scheduled legs of the Rule 56 and LR 56.1 procedure[1] have been completed, but the clear presence of genuine issues of material fact obviates the need for the third leg (DataKom's reply) and requires the denial of its Rule 56 motion.

Before launching on what is so often a major logistical effort required to comply with the demands of LR 56.1, DataKom would have done better to take heed of this Court's analysis and caveat set out in the Appendix to its July 22, 1999 opinion in Farrow v. Humana Health Plan, Inc., 1999 WL 558132, quoted in

---

[1] LR 56.1 is designed to facilitate the resolution of Rule 56 motions by calling for evidentiary statements and responses to such statements (in each instance with record citations), thus highlighting the existence or nonexistence of factual disputes.

part in the later <u>Farrow</u> opinion, 69 F.Supp.2d 1050, 1062-63 (N.D. Ill. 1999). In this instance the required LR 56.1 statements, evidentiary materials and memoranda at steps 1 and 2 alone combine to form a stack over 4-1/2 inches high, while the same effort could have been expended more profitably in preparation for trial (calling for submission of a far more modest and less demanding final pretrial order, with no trial briefs being required).

Just a few points should be made in substantive terms as illustrative of the presence of such material and disputed factual issues. They may be dealt with briefly.

For one thing, DataKom Mem. 6-7 is simply wrong in contending that McKinney cannot point to sexually harassing activity by her then co-worker Ed Gomez ("Gomez") during the period when McKinney worked for DataKom as a contractor, before she became a DataKom employee in December 1999. Because the gravamen of McKinney's claim is the existence of a hostile work environment, she is entitled to adduce evidence of the genesis of that claimed environment before her status changed to that of a DataKom employee, at which point the matter could become potentially actionable under Title VII for the first time. This is no different from the uniform caselaw holdings that permit a plaintiff to introduce evidence of conduct manifesting an employer's discriminatory intent that has antedated the 300-day

2

period of limitations under Title VII, even though such earlier acts or manifestations could not themselves be the subject of a viable claim because of the 300-day limit (in the sexual harassment context, see <u>Russell v. Board of Trustees of Univ. of Ill. at Chicago</u>, 243 F.3d 336, 343 (7th Cir. 2001)). Hence this Court rejects the Chinese Wall sought to be erected by DataKom in that respect.

Second, despite the universally accepted doctrine that all evidence, and all reasonable inferences to be drawn from such evidence, must be viewed through a lens favorable to the putative summary judgment target (see, e.g., <u>St. Louis N. Joint Venture v. P & L Enters., Inc.</u>, 116 F.3d 262, 264, 265 n.2 (7th Cir. 1997)), DataKom essentially treats McKinney's principal confirmatory witness Don Kohloff ("Kohloff") as a nonperson. Its Ex. 13 reproduces just two pages (Dep. 17-18) from Kohloff's 65-page deposition (McKinney Ex. 3). Yet McKinney's responsive Memorandum points to numerous aspects of his testimony (such as testimony found at his Dep. 8-10, 13, 20-21 and 26-28) as corroborative of Gomez' ongoing activities that could be viewed by a reasonable factfinder as sexual harassment that could potentially trigger employer liability on DataKom's part.

It is of course true that our Court of Appeals has often sent mixed signals in the sexual harassment area, sometimes to the point of approaching a factfinder's role in determining how

3

much is needed to cross the line from nonactionable to actionable
conduct. Yet on other occasions that court has found quite
comparable activity to be sufficient to support a plaintiff's
claim. In this instance the potential for crossing over the line
to possible liability is surely arguable. And as the Farrow
Appendix has pointed out, any rejection of a Rule 56
motion--whether at the District Court level or on appeal--sends
the litigants back to square one to present the issues at trial.

Any reading of DataKom's Memorandum and McKinney's
responsive Memorandum leaves the reader with the strong sense
that two wholly different cases are under discussion. As
Russell, 243 F.3d at 340 said earlier this year, "summary
judgment is a singularly inappropriate time to resolve a 'he
said, she said' kind of dispute." What this case poses is a
classic situation for submission to a factfinding jury that can,
properly instructed regarding the applicable law (as to which it
does not appear the parties differ), decide whose version should
be accepted and hence which side should prevail.

As the Farrow Appendix and its later opinion suggest, if
McKinney were to prevail at trial and if she were then successful
in obtaining a fee-shifting award that would encompass the work
done in responding to the current Rule 56 motion, that would
presumably produce a no-harm, no-foul situation. If however
DataKom ends up winning at trial, it will then be time to

consider whether it should nonetheless be required to bear the incremental expenses imposed on McKinney in connection with the current dry run. In the meantime, this action is set for a status hearing at 8:45 a.m. December 14, 2001 to discuss the necessary steps and timetable to ready the case for trial.

                                                */s/ Milton I. Shadur*
                                        Milton I. Shadur
                                        Senior United States District Judge

Date: December 5, 2001